J-S13008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAJON ANTHONY SMITH | |
| Appellant | No. 375 WDA 2014 |

Appeal from the Judgment of Sentence entered November 21, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0016741-2012

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

CONCURRING MEMORANDUM BY STABILE, J.:          **FILED APRIL 1, 2015**

I concur in the Majority's decision.  I write only to express my view that the trial court did not err in failing to consider Appellant's non-commission of another crime with the firearm as a mitigating factor.  The possessory offense of carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a), does not require the commission of an attendant crime. Commission of another crime using the illegally possessed firearm (for example aggravated assault or terroristic threats) is an "aggravating factor" only in the sense that an offender could receive a separate, consecutive sentence for committing that other crime.  Moreover, the sentencing guidelines would account for use of the firearm to commit that other crime. *Compare* 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix), *with id.* § 303.17(b) (Deadly Weapon Used Enhancement Sentencing Matrix); *see,*

*e.g., Commonwealth v. Kneller*, 999 A.2d 608, 615 (Pa. Super. 2010) (*en banc*) (applying the deadly weapon used enhancement to cruelty to animals conviction where defendant used firearm in furtherance of offense). Merely because use of the firearm to commit another offense may result in greater sentencing liability does not, therefore, require a sentencing judge to consider non-use of the firearm to commit another crime as a mitigating factor.

Consequently, I do not believe trial court "likely erred" in refusing to consider Appellant's non-commission of another crime as mitigating. Moreover, it is debatable whether this claim constitutes a substantial question. "That the court refused to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question." *Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010). To the extent Appellant raises a substantial question, as the Majority holds, the trial court did not abuse its discretion. *See id.* at 170 ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion . . . .").

Accordingly, I concur in the result reached by the Majority.